LATHAM & WATKINS LLP
Sadik Huseny (pro hac vice)
*sadik.huseny@lw.com*
Amit Makker (pro hac vice)
*amit.makker@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

ASIAN AMERICANS ADVANCING JUSTICE-AAJC
Niyati Shah (pro hac vice)
*nshah@advancingjustice-aajc.org*
Terry Ao Minnis (pro hac vice)*
*tminnis@advancingjustice-aajc.org*
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318

SPENCER FANE
Andrew M. Federhar (No. 006567)
*afederhar@spencerfane.com*
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431

*Attorneys for Plaintiff*
**Application for pro hac vice forthcoming*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition,

Plaintiff,

v.

Katie Hobbs, in her official capacity as Arizona Secretary of State; et al.,

Defendants.

Case No.: CV-22-01381-PHX-SRB

**DECLARATION OF JOHN H. STEINBACH IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, John H. Steinbach, hereby declare:

1. I am an attorney with the law firm of Latham & Watkins LLP, counsel for Plaintiff Arizona Asian American Native Hawaiian And Pacific Islander For Equity Coalition ("Plaintiff" or "AZ AANHPI for Equity Coalition"), and I submit this declaration on behalf of Plaintiff in support of its Motion for Preliminary Injunction in the above-captioned matter.

2. I have personal knowledge of the facts stated in this declaration and if called upon to do so, I could and would testify competently thereto.

3. On August 10, 2022, I sent emails to counsel for the following County Recorder Defendants: Apache County Recorder Larry Noble; Cochise County Recorder David W. Stevens; Coconino County Recorder Patty Hansen; Gila County Recorder Sadie Jo Bingham; Graham County Recorder Wendy John; Greenlee County Recorder Sharie Milheiro; La Paz County Recorder Richard Garcia; Maricopa County Recorder Stephen Richer; Pima County Recorder Gabriella Cázares-Kelly; Pinal County Recorder Virginia Ross; Santa Cruz County Recorder Suzanne Sainz; Yavapai County Recorder Michelle M. Burchill; and Yuma County Recorder Richard Colwell. Those emails to counsel were identical save for the parties addressed and named therein.

4. In the emails sent to counsel for the County Recorder Defendants, I requested, *inter alia*, responses to the following two questions, as reflected in Exhibit 1: whether and when, in connection with the passage of H.B. 2243, the named County Recorder Defendant is (1) currently implementing or planning to shortly implement any changes to their procedures or actions and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022).

5. Because I was unaware of a counsel associated with Navajo County Recorder Michael Sample, on August 10, 2022, I also sent an email to the Navajo County

Public Information Officer James Pike requesting answers to the same questions on behalf of Navajo County Recorder Michael Sample.

6. As of August 18, 2022, eight of the County Recorder Defendants responded to my questions in writing through counsel.[1]

7. Of those eight, five said that they believe H.B. 2243 will go into effect in September, upon the September 24, 2022 general effective date of bills passed during the Fifty-fifth Legislature, and three did not taken a position on when exactly the law will go into effect.

8. Attached hereto as Exhibit 1 is a true and correct copy of an email I sent on August 10, 2022 to counsel for Defendant Apache County Recorder Larry Noble. I received no response to this email.

9. Attached hereto as Exhibit 2 is a true and correct copy of an email I sent on August 10, 2022 to Navajo County Public Information Officer James Pike. I received no response from counsel until August 22, 2022.

10. On August 11, 2022, counsel for Defendant Cochise County Recorder Stevens responded in writing to my email. A copy of that response is attached as Exhibit 3. In that response, counsel for Defendant Stevens wrote, *inter alia*:

> I suspect that there will be a motion for preliminary injunction filed, which if granted would preserve the status quo. If not, the challenged law will take effect in September, as you have noted in your email. If so, the Recorder Stevens will follow the law. Similarly, if a motion for preliminary injunction is granted, Recorder Stevens will follow the Court's order.

11. On August 11, 2022, counsel for Defendant Maricopa County Recorder Richer responded in writing to my email. A copy of that response is attached as Exhibit 4. In that response, counsel for Defendant Richer wrote, *inter alia*:

> I suspect that there will be a motion for preliminary injunction filed, which if granted would preserve the status

[1] Counsel for Defendant Yavapai County Recorder Burchill responded telephonically on August 12, 2022. The substance of our discussion is truly and accurately reflected in counsel's August 23, 2022 email attached as Exhibit 16.

> quo. If not, the challenged law will take effect in September as you noted in your email. If so, the Recorder will follow the law, as he always does. Similarly, if a motion for preliminary injunction is granted, the Recorder will follow the court's order, as he always does.

12. On August 11, 2022, counsel for Defendant Pima County Recorder Cázares-Kelly responded in writing to my email. A copy of that response is attached as Exhibit 5. In that response, counsel for Defendant Cázares-Kelly wrote, *inter alia*:

> [Ms. Cázares-Kelly] will comply with whatever orders are issued by the Court.

13. On August 11, 2022, counsel for Defendant Santa Cruz County Recorder Sainz responded in writing to my email. A copy of that response is attached as Exhibit 6. In that response, counsel for Defendant Sainz wrote, *inter alia*:

> I anticipate the filing of a motion for preliminary injunction. If that occurs, no changes will occur and the Recorder will follow the court's order, as she always does.
>
> If a preliminary injunction is not ordered, as you note in your email, the challenged law would go into effect. If so, the Recorder will follow the law, as she always does.

14. On August 12, 2022, counsel for Defendant Graham County Recorder John responded in writing to my email. A copy of that response is attached as Exhibit 7. In that response, counsel for Defendant John wrote, *inter alia*:

> If a motion for preliminary injunction seeking to preserve the status quo is filed and granted, Ms. John will follow the court's order. Absent such an order, the challenged law will take effect in September, and Ms. John will follow the law.

15. On August 12, 2022, counsel for Defendant Yuma County Recorder Colwell responded in writing to my email. A copy of that response is attached as Exhibit 8. In that response, counsel for Defendant Colwell wrote, *inter alia*:

> If the expected preliminary injunction is filed and granted in this case, then the status quo will have been preserved. If no such preliminary injunction is filed or granted by the court, Mr. Colwell will follow the law in upcoming elections.

16. On August 18, 2022, I sent a follow-up email to the County Recorder Defendants who had not responded to my August 10, 2022 email, reiterating my requests

for responses to the same two questions: whether and when, in connection with the passage of H.B. 2243, the named County Recorder Defendant is (1) currently implementing or planning to shortly implement any changes to their procedures or actions and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022).

17. Attached hereto as Exhibit 9 is a true and correct copy of one such email I sent on August 18, 2022 to counsel for Defendant Greenlee County Recorder Sharie Milheiro.

18. On August 18, 2022, counsel for Defendant Greenlee County Recorder Milheiro responded in writing to my email. A copy of that response is attached as Exhibit 10. In that response, counsel for Defendant Milheiro wrote, *inter alia*:

> Our commitment is to follow the law and court orders. Currently, the law is set to take effect on September 24, 2022. If a preliminary injunction is granted, we will follow the order. If not, we will have to follow Arizona law unless and until the court orders otherwise.

19. On August 18, 2022, I left a voicemail with counsel for County Recorder Defendant Mohave County Recorder Kristi Blair. In that voicemail, I asked whether Ms. Blair is (1) currently implementing or planning to shortly implement any changes to their procedures or actions and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022).

20. On August 18, 2022, counsel for Defendant Mohave County Recorder Blair responded in writing to my email. A copy of that response is attached as Exhibit 11. In that response, counsel for Defendant Blair wrote, *inter alia*:

> Regarding the application of HB 2243 and HB 2492 by the Mohave County Recorder, HB 2243 does not go into effect until September 24, 2022 (90 days adjourned sine die), and HB 2492 does not go into effect until January 1, 2023. As with any law passed by the Arizona legislature, the Mohave County Recorder will follow the laws when they go into effect, subject to any court ruling that orders her otherwise.

21. As of August 18, seven of the County Recorder Defendants who responded in writing to my questions stated that they will implement H.B. 2243 upon its effective date.

22. On August 19, our team became aware of Defendant Secretary of State Hobbs's official position on the effective date of H.B. 2243. On August 23, I again emailed counsel for the County Recorder Defendants, requesting additional responses regarding whether and when, in connection with the passage of H.B. 2243, the named County Recorder Defendant is (1) currently implementing or planning to shortly implement any changes to their procedures or actions and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022). In my August 23 emails, I apprised the County Recorder Defendants of the Secretary of State's position that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date. I asked for any updates to each County Recorder Defendant's position in light of the Secretary's position.

23. Attached hereto as Exhibit 12 is a true and correct copy of one such email I sent on August 23, 2022 to counsel for Defendant Apache County Recorder Noble. I received no written response to this email.

24. On August 23, 2022, counsel for Defendant Maricopa County Recorder Richer responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 13. In that response, counsel for Defendant Richer wrote, *inter alia*:

> I responded in another case on August 11, right after the Secretary of State's counsel sent their email, that further research on our part indicated that the law will not take effect until January 1, 2023. My apologies if I failed to update you concerning that. In any event, we agree with the Secretary of State's analysis, which she provided to you. The Maricopa County Recorder will not begin applying the requirements of

this law until January 1, 2023.

25. On August 23, 2022, counsel for Defendant Gila County Recorder Bingham responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 14. In that response, counsel for Defendant Bingham wrote, *inter alia*:

> The recorder and her chief deputy are out of the office until Monday, August 29. I am, therefore, unable to confer with a client representative on these matters till then.

26. On August 23, 2022, counsel for Defendant Navajo County Recorder Sample responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 15. In that response, counsel for Defendant Sample wrote, *inter alia*:

> I'd imagine that Recorder Sample will follow the Secretary of State's advice and guidance if for no other reason so that there is uniformity amongst the Counties and because the SOS is the state's chief election officer. That is, of course, subject to a court of competent jurisdiction telling Secretary Hobbs she is wrong. If Mr. Sample disagrees he can pipe up here, so I've copied him on this email. Frankly myself and my client have had no discussion on the issue. And I doubt we will come up with an independent position different from the Secretary's before the end of the day.

27. On August 23, 2022, counsel for Defendant Yavapai County Recorder Burchill responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 16. In that response, counsel for Defendant Burchill wrote, *inter alia*:

> As for Recorder Burchill's opinion on the Secretary's position, I simply do not have an answer for you. Ms. Burchill was appointed and sworn into office during the last week of July, Arizona then held its Primary Election on August 2, 2022, and the official canvass was just approved last week. Ms. Burchill and her staff have been extremely busy. Furthermore, due to illness, Ms. Burchill is not available at this time to discuss these matters. The Chief Deputy Recorder and the Registrar of Voters are currently attending an election-related conference in Colorado, but they will be returning to Arizona on Thursday. Therefore, I anticipate that I will have more information for you in the next week or two regarding the Recorder's position.

28. On August 23, 2022, counsel for Defendant Mohave County Recorder Blair responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 17. In that response, counsel for Defendant Burchill wrote, *inter alia*:

> Regarding the question of the effective date of the two bills, I haven't followed up from my previous email because I didn't know that there was a dispute about the effective date of the bills. In preparing my answer to your original questions, I did what I typically do when I look up the effective date of any bill—I figure out the date of sine die, do the math, then figure out the effective date, with the exception of any bill in which the legislature specifically noted a different effective date or the bill has an emergency provision. Here, my understanding was that 2492 specifically stated it was effective on January 1, 2023, and 2243 did not have such language. But, I was unaware that section 2 of 2243 cast that into question, nor was I aware of the Secretary of State's position.
>
> I'll look into the issue of section 2's effective date and get back to you.

29. On August 23, 2022, counsel for Defendant Santa Cruz County Recorder Sainz responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 18. In that response, counsel for Defendant Sainz wrote, *inter alia*:

> Ms. Sainz's position does not differ from that of the Secretary of State.

30. On August 23, 2022, counsel for Defendant Pima County Recorder Cázares-Kelly responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 19. In that response, counsel for Defendant Cázares-Kelly wrote, *inter alia*:

> As far as the effective dates for the various bills, I'm afraid that I'm not following. Could you please either provide the Secretary's position or further elaborate on reasoning? I'm not finding an effective date in H.B.2492.

31. On August 23, 2022, counsel for Defendant Graham County Recorder John responded in writing to my questions about H.B. 2243 in light of the Secretary's position.

A copy of that response is attached as Exhibit 20. In that response, counsel for Defendant John wrote, *inter alia*:

> After further review of H.B. 2243 and H.B. 2492, Ms. John's position regarding the effective date of H.B. 2243 has changed. Ms. John takes the position the Secretary of State has asserted.

32. On August 24, 2022, counsel for Defendant Yuma County Recorder Colwell responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 21. In that response, counsel for Defendant Colwell wrote, *inter alia*:

> Mr. Colwell concurs with the Secretary's position regarding the effective date of section 2 of H.B. 2243. Mr. Colwell is also in the process of formulating the procedural changes necessary to comply with the new provisions.

33. On August 24, 2022, counsel for Defendant Cochise County Recorder Stevens responded in writing to my questions about H.B. 2243 in light of the Secretary's position. A copy of that response is attached as Exhibit 22. In that response, counsel for Defendant Stevens wrote, *inter alia*:

> Based on our understanding of the SOS position and analysis, the Recorder does not disagree with the SOS analysis that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect until that date.

34. For clarity, I have attached as Exhibit 23 a chart showing which County Recorder Defendants provided written responses to my initial outreach questions, as well as how (if at all) those positions were updated following my August 23, 2022 emails apprising them of the Secretary's position.

35. As of August 24, 2022, I have not received any other written responses from any County Recorder Defendants to my August 23, 2022 emails.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I executed this declaration on August 25, 2022, in San Francisco, California.

By ______________________
John H. Steinbach