# EXHIBIT 11

| | |
|---|---|
| **From:** | Ryan Esplin |
| **To:** | Steinbach, John (Bay Area) |
| **Cc:** | Kristi Blair |
| **Subject:** | Follow up from voicemail, Mohave County Recorder |
| **Date:** | Thursday, August 18, 2022 11:23:57 AM |

John:

I received your voicemail. I apologize for missing your call. Unfortunately, you did not leave a telephone number, leaving only an email. Consequently, the only way I can respond to you is via email.

Yes, I am legal counsel to the Mohave County Recorder. She is a nominal party in the Mi Familia Vota lawsuit, and although I have not yet seen your complaint, I suspect (I reserve the right to confirm with my client) that she will likely be a nominal party in your suit.

I am unwilling to agree or oppose your motion to transfer and consolidate without having seen it. That being said, the Mohave County Recorder takes the position that it is her responsibility to follow the law, and she will abide by any court decision that is made.

Regarding the application of HB 2243 and HB 2492 by the Mohave County Recorder, HB 2243 does not go into effect until September 24, 2022 (90 days adjourned sine die), and HB 2492 does not go into effect until January 1, 2023. As with any law passed by the Arizona legislature, the Mohave County Recorder will follow the laws when they go into effect, subject to any court ruling that orders her otherwise.

Let me know if you need anything else.

Ryan H. Esplin
Chief Civil Deputy County Attorney, Mohave County, Arizona
Mohave County Attorney Office – Civil Division
P.O. Box 7000
Kingman, AZ 86402-7000

Tel: 928-753-0770, ext. 4631

To ensure compliance with the Arizona Open Meeting Law, members of the Board of Supervisors who have received this message may reply directly to the sender, but should not forward it or send a copy of their reply to other Board Members. Board Members may reply to a staff member regarding this message, but they should not send a copy of the reply to other Board members.

NOTICE: THE INFORMATION CONTAINED IN THIS EMAIL IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

# EXHIBIT 12

**From:** Steinbach, John (Bay Area)
**To:** crobertson@apachelaw.net
**Cc:** Niyati Shah; Terry Ao Minnis; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area)
**Subject:** H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 9:03:55 AM

Ms. Robertson,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Noble's response regarding whether he concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Mr. Noble is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. Please provide us with that information by close of business today, August 23.

Regarding your request to be a nominal defendant in our action, we are cognizant of the other demands on county recorder Noble as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed in a manner that best serves our client's interests. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B. 2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision. We will continue to consult with our client and provide you with an answer as soon as we can.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538

Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

# EXHIBIT 13

**From:** Joseph La Rue
**To:** Steinbach, John (Bay Area); Anna Critz
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area)
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 9:15:04 AM
**Attachments:** image001.png
image002.png
image003.png
image004.png

---

Mr. Steinbach,

I responded in another case on August 11, right after the Secretary of State's counsel sent their email, that further research on our part indicated that the law will not take effect until January 1, 2023. My apologies if I failed to update you concerning that. In any event, we agree with the Secretary of State's analysis, which she provided to you. The Maricopa County Recorder will not begin applying the requirements of this law until January 1, 2023.

Joe

____________________________________________

***Joseph E. La Rue***
Election Law Team Leader

Email: laruej@mcao.maricopa.gov
Phone: (602) 506-6171 (Direct)
Phone: (602) 686-3099 (Cell)

Maricopa County Attorney's Office
225 West Madison St.
Phoenix, Arizona 85003
http://www.maricopacountyattorney.org

**CONFIDENTIALITY NOTICE:** This email may be protected by the attorney-client privilege or the attorney work-product doctrine. If you are not the intended recipient, please delete all copies of the transmission and notify the sender immediately.

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:06 AM
**To:** Joseph La Rue <laruej@mcao.maricopa.gov>; Anna Critz <critza@mcao.maricopa.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

Mr. LaRue and Ms. Critz,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165

"as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

As you know, you previously relayed to us on August 11 county recorder Richer's position that H.B. 2243 is effective in September upon the Session General Effective Date. We have not heard further from you in this respect, so we assume that position has not changed. If Mr. Richer's position has changed, and he now believes that H.B. 2243 (or any portion thereof) is not effective or will not be operationalized until January 1, 2023, please let us know by close of business today, August 23.

Regarding your request to be a nominal defendant in our action, we are cognizant of the other demands on county recorder Richer as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B. 2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

___

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT 14

**From:** Dalton, Jeff
**To:** Steinbach, John (Bay Area)
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 9:55:26 AM

Dear Mr. Steinbach,

The recorder and her chief deputy are out of the office until Monday, August 29. I am, therefore, unable to confer with a client representative on these matters till then.

Best regards,

Jeff

Jefferson R. Dalton
Civil Bureau Chief
Office of the Gila County Attorney
(928) 402-8638

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:05 AM
**To:** Dalton, Jeff <jdalton@gilacountyaz.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

**CAUTION:** Please VERIFY the actual email address matches sender name to avoid phishing attempts. Since this email originated from outside of Gila County, please be careful when deciding to click links or open attachments.

Mr. Dalton,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Bingham's response regarding whether she concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Ms. Bingham is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243.

Thank you very much.  If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

___________________________________

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT 15

**From:** Jason Moore
**To:** Steinbach, John (Bay Area)
**Cc:** Michael Sample; Rayleen Richards
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 11:00:36 AM
**Attachments:** image001.png
not.appearance.pdf

John:

Counsel for Mi Familia has never put anything in writing despite indicating being willing to do so . . . so there is no stipulation, docket entry, or anything else. So there is no formal arrangement at all. What I have done, as well as every other County who has entered an appearance has done, is simply entered an appearance, notified the Court that we are nominal defendants, that we agree to the court's jurisdiction and will be bound by any ultimate ruling, but that basically we are not playing. We'll sit on our hands and see how the Court rules and follow whatever instructions the Court may give. See the attached Notice of Appearance I filed yesterday. Yesterday was the Answer deadline and Plaintiff's counsel in Mi Familia never got back to the counties despite multiple requests to enter into a Stipulation. The counties, especially the small ones like mine, don't have time or staff to investigate the facts alleged in these Complaints (I think there are now going to be four or five cases consolidated into one) come up with answers to all the lengthy complaints, do the legal research into the issues and develop our own positions. I appreciate the reason we are named. But we don't have the time or unlimited resources the political parties, special interest groups, the Attorney General and Secretary Hobbs have at their disposal.

I won't go into my opinion of Arizona's state legislature which causes all of this litigation. Personally, I wouldn't let them meet to do anything than pass a budget once a year. I think, once every four years, I might allow them to make substantive changes to the law. They could do far less harm that way.

I'd imagine that Recorder Sample will follow the Secretary of State's advice and guidance if for no other reason so that there is uniformity amongst the Counties and because the SOS is the state's chief election officer. That is, of course, subject to a court of competent jurisdiction telling Secretary Hobbs she is wrong. If Mr. Sample disagrees he can pipe up here, so I've copied him on this email. Frankly myself and my client have had no discussion on the issue. And I doubt we will come up with an independent position different from the Secretary's before the end of the day.

Thanks,

**Jason S. Moore**
**Deputy County Attorney**

**CONFIDENTIAL & PRIVILEGED COMMUNICATION**

This email message and any attachments may contain confidential, privileged, and otherwise protected information. As such, the contents hereof should not automatically be considered to be subject to Arizona's Public Records Law. The message and any attachments are only authorized for the use of the intended recipient(s). Unauthorized review, disclosure, or any other use is

prohibited. If you are not an intended recipient, please reply to the sender to so advise and immediately fully destroy all copies of the original message and any attachments.

Navajo County - For Official Use Only

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:06 AM
**To:** Jason Moore <Jason.Moore@navajocountyaz.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

**Caution: This email originated from outside of Navajo County.**

Mr. Moore,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Sample's response regarding whether he concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Mr. Sample is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. Please provide us with that information by close of business today, August 23.

Regarding your position that the county recorder is a nominal defendant in these actions, we are cognizant of the other demands on county recorder Sample as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed in a manner that best serves our client's interests. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B. 2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision. We will continue to consult with our client and provide you with an answer as soon as we can.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

___________________________________

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT 16

**From:** Colleen Connor
**To:** Steinbach, John (Bay Area)
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area)
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 11:02:58 AM
**Attachments:** image001.png

---

Mr. Steinbach:

Thank you for the information on the Secretary of State's position regarding the effective date of H.B. 2243. I was not aware of the Secretary's position.

As for Recorder Burchill's opinion on the Secretary's position, I simply do not have an answer for you. Ms. Burchill was appointed and sworn into office during the last week of July, Arizona then held its Primary Election on August 2, 2022, and the official canvass was just approved last week. Ms. Burchill and her staff have been extremely busy. Furthermore, due to illness, Ms. Burchill is not available at this time to discuss these matters. The Chief Deputy Recorder and the Registrar of Voters are currently attending an election-related conference in Colorado, but they will be returning to Arizona on Thursday. Therefore, I anticipate that I will have more information for you in the next week or two regarding the Recorder's position.

As for your email of August 10, 2022, you and I spoke on August 12th for a little over 5 minutes regarding your inquiries. (Please see the screen shot of my Cisco call log below). To summarize our conversation, (1) the Recorder's Office is <u>not</u> currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and (2) the Recorder's Office is <u>not</u> planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243.



For clarification on the County's nominal party status, the County Recorder is not seeking permission from any of the Plaintiffs in these consolidated cases to be deemed a nominal party. Instead, counsel in the *Mi Familia* case had proposed a stipulation to relieve the nominal parties of the need to file an Answer, but we have not received any proposed stipulation to date. In closing, the Yavapai County

Recorder will comply with any court orders issued regardless of being a nominal party.

Sincerely,

**Colleen Connor**
*Deputy Yavapai County Attorney*
*255 E. Gurley Street, 3rd Floor*
*Prescott, AZ 86301*
*Direct line: (928) 777-7101*

**PRIVILEGED/CONFIDENTIALITY NOTICE: The information contained in this e-mail communication, including any attachments, is for the sole use of the intended recipient(s) and may contain privileged and confidential information. Any unauthorized review, use, disclosure, distribution, duplication, or taking any action relevant to the contents of this communication are strictly prohibited. If you are not the intended recipient and have received this communication in error, please contact the sender by reply e-mail and destroy/delete all copies of the original communication. Thank you.**

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:07 AM
**To:** Colleen Connor <Colleen.Connor@yavapaiaz.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

Ms. Connor,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Burchill's response regarding whether she concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Ms. Burchill is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. Please provide us with that information by close of business today, August 23.

Regarding your request to be a nominal defendant in our action, we are cognizant of the other

demands on county recorder Burchill as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B. 2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com

# EXHIBIT 17

**From:** Ryan Esplin
**To:** Steinbach, John (Bay Area)
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area); Kristi Blair
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 11:13:41 AM

John:

I never asked you whether Recorder Blair could be a nominal party in this lawsuit because it's not something that she needs your permission to receive. Recorder Blair will be asserting her nominal status because she is not taking a position for or against the substantive merits of your lawsuit, and she is willing to abide by any court orders. She is a nominal party in all of the Mi Familia vota cases, whether she has formally asserted it or not, much like most of the County Recorders in the state. She is not advocating for or against your position, and she takes the same approach toward the secretary of state, the Arizona Attorney General, and any other party to action. In short, she recognizes and understands that the ultimate decision on the legality of the house bills will be decided by the Courts.

As the attorney to the nominal party, I follow the proceedings to ensure that my client is aware of any court orders and/or deadlines, to update her regarding the outcome of the litigation, and to ensure that no party is seeking attorneys fees or costs against her. Should a party seek attorneys fees against my client, or seeks to compel her to do something that would be unethical, improper, or outside the bounds of the law, I will take legal action to protect my client's interests. But, in my experience handling these state-wide election challenge cases for Recorder Blair, all of the attorneys have been above board and we haven't had any problems. I have no doubt that you will act the same.

Regarding the question of the effective date of the two bills, I haven't followed up from my previous email because I didn't know that there was a dispute about the effective date of the bills. In preparing my answer to your original questions, I did what I typically do when I look up the effective date of any bill—I figure out the date of sine die, do the math, then figure out the effective date, with the exception of any bill in which the legislature specifically noted a different effective date or the bill has an emergency provision. Here, my understanding was that 2492 specifically stated it was effective on January 1, 2023, and 2243 did not have such language. But, I was unaware that section 2 of 2243 cast that into question, nor was I aware of the Secretary of State's position.

I'll look into the issue of section 2's effective date and get back to you. But it's unlikely I will get an answer to you by the end of business today. I hope you can understand that this isn't the only matter that I am handling at the moment, and that I have other legal matters that I must attend during the course of a regular business day. Thank you for understanding and being patient with me.

Have a good day.

Ryan H. Esplin
Chief Civil Deputy County Attorney, Mohave County, Arizona

Mohave County Attorney Office – Civil Division
P.O. Box 7000
Kingman, AZ 86402-7000

Tel: 928-753-0770, ext. 4631

To ensure compliance with the Arizona Open Meeting Law, members of the Board of Supervisors who have received this message may reply directly to the sender, but should not forward it or send a copy of their reply to other Board Members. Board Members may reply to a staff member regarding this message, but they should not send a copy of the reply to other Board members.

NOTICE: THE INFORMATION CONTAINED IN THIS EMAIL IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:06 AM
**To:** Ryan Esplin <EspliR@mohave.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Mr. Esplin,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

As you know, you previously relayed to us on August 18 county recorder Blair's position that H.B. 2243 is effective in September upon the Session General Effective Date. We have not heard further from you in this respect, so we assume that position has not changed. If Ms. Blair's position has changed, and she now believes that H.B. 2243 (or any portion thereof) is not effective or will not be operationalized until January 1, 2023, please let us know by close of business today, August 23.

Regarding your request to be a nominal defendant in our action, we are cognizant of the other demands on county recorder Blair as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B.

2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

_________________________________

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com

# EXHIBIT 18

**From:** Laura Roubicek
**To:** Steinbach, John (Bay Area)
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area); Kim Hunley
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 12:13:51 PM
**Attachments:** image001.jpg
Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition v. Hobbs et al. (22-cv-01381-JJT).msg

---

Mr. Steinbach,

Ms. Sainz's position does not differ from that of the Secretary of State.

Have you considered my request of August 18th regarding nominal party status? It greatly eases the substantial burden placed on small jurisdictions like Santa Cruz County if we are excused from pleading and response requirements, particularly in light of the fact that we are bound to follow the law as implemented by the Legislature and interpreted by the Courts.

Thank you,

*Laura Roubicek*
Deputy County Attorney
Santa Cruz County Attorney's Office
2150 N. Congress Drive
Nogales, AZ 85621
(520) 375-7780

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:07 AM
**To:** Laura Roubicek <LRoubicek@santacruzcountyaz.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

Ms. Roubicek,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of

September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Sainz's response regarding whether she concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Ms. Sainz is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. Please provide us with that information by close of business today, August 23.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

# EXHIBIT 19

**From:** Daniel Jurkowitz
**To:** Steinbach, John (Bay Area)
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area)
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 4:41:53 PM

---

Mr. Steinbach,
I did respond to your earlier email. As far as the effective dates for the various bills, I'm afraid that I'm not following. Could you please either provide the Secretary's position or further elaborate on reasoning? I'm not finding an effective date in H.B.2492.
Thanks, Dan

Daniel Jurkowitz
Bureau Supervising Attorney
Pima County Attorney's Office, Civil Division
32 N. Stone #2100
Tucson, AZ 85701
(520) 724-5700

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:06 AM
**To:** Daniel Jurkowitz <Daniel.Jurkowitz@pcao.pima.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

Mr. Jurkowitz,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Cázares-Kelly's response regarding whether she concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Ms. Cázares-Kelly is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. Please provide us with that information by close of business today, August 23.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

---

This message has been prepared and sent on resources owned by Pima County, Arizona. It is subject to the Computer Use Policy of the Pima County Attorney's Office, as well as the computer and electronic mail policies of Pima County and the Pima County Board of Supervisors.

# EXHIBIT 20

**From:** Jean Roof
**To:** Steinbach, John (Bay Area)
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area)
**Subject:** RE: H.B. 2243 and 2492
**Date:** Tuesday, August 23, 2022 6:23:48 PM

---

Dear Mr. Steinbach,

After further review of H.B. 2243 and H.B. 2492, Ms. John's position regarding the effective date of H.B. 2243 has changed. Ms. John takes the position the Secretary of State has asserted.

As for the stipulation in the *Mi Familia Vota* case, the plaintiffs have agreed, in writing, that they will not expect an answer from the county defendants, provided they agree to comply with discovery requests and agree to be bound by any order or judgment of the court. There is no stipulation to this effect on file currently. However, I have been told that a stipulation is forthcoming.

Sincerely,

Jean A. Roof
Chief Civil Deputy County Attorney
Graham County Attorney's Office
800 Main Street
Safford, AZ 85546
Direct Line: 928-792-5178

Confidentiality Footer: Privileged/confidential information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message to anyone. In such case, you should destroy this message, and kindly notify the sender by reply email.

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:05 AM
**To:** Jean Roof <JRoof@graham.az.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

**CAUTION This email originated from outside of the organization.**

Ms. Roof,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms

until that date.

As you know, you previously relayed to us on August 12 county recorder John's position that H.B. 2243 is effective in September upon the Session General Effective Date. We have not heard further from you in this respect, so we assume that position has not changed. If Ms. John's position has changed, and she now believes that H.B. 2243 (or any portion thereof) is not effective or will not be operationalized until January 1, 2023, please let us know by close of business today, August 23.

Regarding your request to be a nominal defendant in our action, we are cognizant of the other demands on county recorder John as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B. 2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

___________________________________

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT 21

**From:** Bill Kerekes
**To:** Steinbach, John (Bay Area)
**Subject:** RE: H.B. 2243 and 2492
**Date:** Wednesday, August 24, 2022 9:41:00 AM

Mr Steinbach,

Yes, Mr. Colwell concurs with the Secretary's position regarding the effective date of section 2 of H.B. 2243. Mr. Colwell is also in the process of formulating the procedural changes necessary to comply with the new provisions. Thank you for your patience.

William J. Kerekes
Chief Civil Deputy County Attorney
Yuma County Attorney's Office
250 W. 2nd Street, Suite G
Yuma, Arizona 85364
Telephone: (928) 817-4300
bill.kerekes@yumacountyaz.gov

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:08 AM
**To:** Bill Kerekes <Bill.Kerekes@yumacountyaz.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

**CAUTION:** This email originated from outside Yuma County.
Do not click on links or open attachments unless you recognize the sender and know the contents are safe.

Mr. Kerekes,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

In light of this, we would appreciate county recorder Colwell's response regarding whether he concurs with the Secretary's position that Section 2 of H.B. 2243 is not operative until January 1, 2023. Additionally, we are still waiting to hear back on my email of August 10, 2022 whether Mr. Colwell is (1) currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and/or (2) planning any such changes/new procedures or actions upon the general effective date of bills passed during the

Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. Please provide us with that information by close of business today, August 23.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT 22

**Steinbach, John (Bay Area)**

| | |
|---|---|
| **From:** | Correa, Paul <PCorrea@cochise.az.gov> |
| **Sent:** | Wednesday, August 24, 2022 12:44 PM |
| **To:** | Steinbach, John (Bay Area); Roberts, Christine; Stevens, David |
| **Cc:** | nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Huseny, Sadik (Bay Area); Makker, Amit (Bay Area) |
| **Subject:** | RE: H.B. 2243 and 2492 |

John, we've reviewed the message sent by SOS and the two bills. Based on our understanding of the SOS position and analysis, the Recorder does not disagree with the SOS analysis that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect until that date.

**Paul Correa**
Civil Deputy County Attorney
Cochise County Attorney's Office
Civil Division
100 Higgins Hill
P.O. Drawer CA
Bisbee, Arizona 85603
(520) 432-8755 Direct
(520) 432-8700 Main
(520) 432-8778 Fax

***Public Programs . . . Personal Service***
www.cochise.az.gov

---

**From:** John.Steinbach@lw.com <John.Steinbach@lw.com>
**Sent:** Tuesday, August 23, 2022 9:04 AM
**To:** Correa, Paul <PCorrea@cochise.az.gov>; Roberts, Christine <CRoberts@cochise.az.gov>
**Cc:** nshah@advancingjustice-aajc.org; tminnis@advancingjustice-aajc.org; Sadik.Huseny@lw.com; Amit.Makker@lw.com
**Subject:** H.B. 2243 and 2492

**CAUTION:** EXTERNAL EMAIL*

Mr. Correa and Ms. Roberts,

We understand that last week the Secretary of State provided her position to the counties regarding the effective date of H.B. 2243. Specifically, we understand the Secretary's position to be that H.B. 2243 does not have a delayed effective date and is thus subject to the General Effective Date of September 24, 2022, but that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect by its own terms until that date.

As you know, you previously relayed to us on August 11 county recorder Stevens's position that H.B. 2243 is effective in September upon the Session General Effective Date. We have not heard further from you in this respect, so we assume that position has not changed. If Mr. Stevens's position has changed, and he now believes that H.B. 2243 (or any portion

thereof) is not effective or will not be operationalized until January 1, 2023, please let us know by close of business today, August 23.

Regarding your position that the county recorder is a nominal defendant in these actions, we are cognizant of the other demands on county recorder Stevens as well as yourself, and we certainly do not wish to create an additional, unnecessary burden if that can be avoided. We are evaluating how best to proceed. While both our case and the *Mi Familia Vota* case challenge H.B. 2492, our case also challenges H.B. 2243 and we have to ensure that any relief granted to our client would be binding on any nominal defendants, notwithstanding any arrangement between you and the plaintiffs in the *Mi Familia Vota* case. If you can provide more information about the *Mi Familia Vota* arrangement (stipulation, docket entry, etc.) that will greatly help inform our decision.

Thank you very much. If useful, we would be happy to get on a call to discuss.

Best,

----John

**John H. Steinbach**
**(*he/him/his*)**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8069
Fax: +1.415.395.8095
Email: john.steinbach@lw.com
https://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

This E-mail is from an **EXTERNAL** address. DO NOT click on links or open attachments unless you trust the sender and know the content is safe. If you suspect this message to be phishing, please report it using the Phish Alert Button at the top of the email, or forward to cochise.az.gov@missedspam.com or contact IT support at 520-432-8301.

# EXHIBIT 23

**STEINBACH DECLARATION: EXHIBIT 23**
**SUMMARY OF COUNTY RECORDER WRITTEN POSITIONS AS RELAYED BY COUNSEL**

| **Defendant** | **Excerpted* Written Response to 8/11/22 Initial Email Regarding County Recorder Position on H.B. 2243 Implementation** | **Excerpted* Written Response to 8/23 Follow-Up Email Regarding Position on H.B. 2243, Given Secretary of State ("SOS") Position** |
|---|---|---|
| **Apache** County Recorder Larry Noble | None | None |
| **Cochise** County Recorder David W. Stevens | I suspect that there will be a motion for preliminary injunction filed, which if granted would preserve the status quo. If not, the challenged law will take effect in September, as you have noted in your email. If so, the Recorder Stevens will follow the law. Similarly, if a motion for preliminary injunction is granted, Recorder Stevens will follow the Court's order. (8/11/22) | Based on our understanding of the SOS position and analysis, the Recorder does not disagree with the SOS analysis that Section 2 of H.B. 2243 is not operative until January 1, 2023 because it amends A.R.S. § 16-165 "as amended by" H.B. 2492, which does not go into effect until that date. (8/24/22) |
| **Coconino** County Recorder Patty Hansen | None | None |
| **Gila** County Recorder Sadie Jo Bingham | None | The recorder and her chief deputy are out of the office until Monday, August 29. (8/23/22) |
| **Graham** County Recorder Wendy John | If a motion for preliminary injunction seeking to preserve the status quo is filed and granted, Ms. John will follow the court's order. Absent such an order, the challenged law will take effect in September, and Ms. John will follow the law. (8/12/22). | After further review of H.B. 2243 and H.B. 2492, Ms. John's position regarding the effective date of H.B. 2243 has changed. Ms. John takes the position the Secretary of State has asserted. (8/23/22). |
| **Greenlee** County Recorder Sharie Milheiro | Our commitment is to follow the law and court orders. Currently, the law is set to take effect on September 24, 2022. If a preliminary injunction is granted, we will follow the order. If not, we will have to follow Arizona law unless and until the court orders otherwise. (8/18/22). | None |
| **La Paz** County Recorder Richard Garcia | None | None |
| **Maricopa** County Recorder Stephen Richer | I suspect that there will be a motion for preliminary injunction filed, which if granted would preserve the status quo. If not, the challenged law will take effect in September as you noted in your email. If so, the Recorder will follow the law, as he always does. Similarly, if | I responded in another case on August 11, right after the Secretary of State's counsel sent their email, that further research on our part indicated that the law will not take effect until January 1, 2023. … In any event, we agree with the Secretary of State's analysis, which she provided to |

| | | |
|---|---|---|
| | a motion for preliminary injunction is granted, the Recorder will follow the court's order, as he always does. (8/11/22) | you. The Maricopa County Recorder will not begin applying the requirements of this law until January 1, 2023. (8/23/22) |
| **Mohave** County Recorder Kristi Blair | Regarding the application of HB 2243 and HB 2492 by the Mohave County Recorder, HB 2243 does not go into effect until September 24, 2022 (90 days adjourned sine die), and HB 2492 does not go into effect until January 1, 2023. As with any law passed by the Arizona legislature, the Mohave County Recorder will follow the laws when they go into effect, subject to any court ruling that orders her otherwise. (8/18/22) | Regarding the question of the effective date of the two bills, I haven't followed up from my previous email because I didn't know that there was a dispute about the effective date of the bills. … Here, my understanding was that 2492 specifically stated it was effective on January 1, 2023, and 2243 did not have such language. But, I was unaware that section 2 of 2243 cast that into question, nor was I aware of the Secretary of State's position.<br><br>I'll look into the issue of section 2's effective date and get back to you. (8/23/22) |
| **Navajo** County Recorder Michael Sample | None | I'd imagine that Recorder Sample will follow the Secretary of State's advice and guidance if for no other reason so that there is uniformity amongst the Counties and because the SOS is the state's chief election officer. That is, of course, subject to a court of competent jurisdiction telling Secretary Hobbs she is wrong. (8/23/22) |
| **Pima** County Recorder Gabriella Cázares-Kelly | [Ms. Cázares-Kelly] will comply with whatever orders are issued by the Court. (8/11/22) | As far as the effective dates for the various bills, I'm afraid that I'm not following. Could you please either provide the Secretary's position or further elaborate on reasoning? I'm not finding an effective date in H.B.2492. (8/23/22). |
| **Pinal** County Recorder Virginia Ross | None | None |
| **Santa Cruz** County Recorder Suzanne Sainz | I anticipate the filing of a motion for preliminary injunction. If that occurs, no changes will occur and the Recorder will follow the court's order, as she always does. If a preliminary injunction is not ordered, as you note in your email, the challenged law would go into effect. If so, the Recorder will follow the law, as she always does. (8/11/22) | Ms. Sainz's position does not differ from that of the Secretary of State. (8/23/22) |
| **Yavapai** County Recorder Michelle M. Burchill | To summarize our conversation, (1) the Recorder's Office is not currently implementing or planning to shortly implement any changes to their procedures or effectuate or operationalize any new procedures or actions, and (2) the Recorder's Office is not planning any such | As for Recorder Burchill's opinion on the Secretary's position, I simply do not have an answer for you. Ms. Burchill was appointed and sworn into office during the last week of July, Arizona then held its Primary Election on August 2, 2022 … Therefore, I anticipate that I will have |

| | | |
|---|---|---|
| | changes/new procedures or actions upon the general effective date of bills passed during the Fifty-fifth Legislature (September 24, 2022) to effectuate or operationalize H.B. 2243. (8/23/22, summarizing 8/12/22 phone call) | more information for you in the next week or two regarding the Recorder's position. (8/23/22) |
| **Yuma** County Recorder Richard Colwell | If the expected preliminary injunction is filed and granted in this case, then the status quo will have been preserved. If no such preliminary injunction is filed or granted by the court, Mr. Colwell will follow the law in upcoming elections. (8/12/22) | Mr. Colwell concurs with the Secretary's position regarding the effective date of section 2 of H.B. 2243. Mr. Colwell is also in the process of formulating the procedural changes necessary to comply with the new provisions. (8/24/22) |

*Full emails contained in Steinbach Declaration